UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALUMINUM BANKING COMPANY, INC.,
a Michigan corporation,

       Plaintiff,

v.                                                                   CIVIL NO. 06-12038
                                                     HON. LAWRENCE P. ZATKOFF

CALLERY/CONWAY/MARS HV, INC.,
a Delaware corporation,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

       This matter is before the Court on Defendant's Motion to Dismiss filed on June 2, 2006. Plaintiff has filed a response, and Defendant has replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby

ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion is GRANTED.

## II.  BACKGROUND

Defendant, a Delaware corporation with its principal place of business in Pennsylvania, is a designer and manufacturer of equipment for the metal working industry. Plaintiff, a Michigan corporation with its principal place of business in Michigan, is in the aluminum and steel processing business. Beginning in 2004, Plaintiff began negotiating the purchase of a leveler from Defendant. Defendant agreed to sell the leveler to Plaintiff for $1,017,640, and delivered the leveler to Plaintiff in May 2005.

Plaintiff alleges that it soon began having operational problems with the leveler. Throughout 2005 Defendant sent representatives to Michigan to attempt to resolve the problems with the leveler. Defendant alleges that the problems were caused by Plaintiff's improper installation of the leveler. Defendant also alleges that Plaintiff did not pay the full purchase price.

On April 12, 2006, Defendant brought suit against Plaintiff in Pennsylvania state court for $91,1999.99, the unpaid portion of the purchase price. On May 3, 2006, Plaintiff filed the instant case in this Court alleging, *inter alia*, breach of warranty regarding the leveler. On May 4, 2006, Plaintiff removed the Pennsylvania case to the Western District of Pennsylvania.

On June 2, 2006, Defendant file the instant motion to dismiss under the first-to-file rule.

## III.  LEGAL STANDARD

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed

should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). However, application of the rule is not mechanical: "District courts have the discretion to dispense with the first-to-file rule where equity so demands." *Id.*

### IV.  ANALYSIS

Defendant argues that the first-to-file rule applies because the parties and issues in this case are identical to the parties and issues in the case in the Western District of Pennsylvania. Both cases turn on whether the leveler Defendant delivered to Plaintiff was defective, and whether Plaintiff still owes Defendant part of the purchase price.

Plaintiff does not dispute that the issues in the two cases are the same. However, Plaintiff argues that because it filed the instant case the day before it removed the Pennsylvania case, the instant case should be given priority.

Plaintiff relies on *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774 (6th Cir. 1957). In *Barber-Greene*, two related cases were brought in different federal district courts. One was filed first, and the other was served first. The Sixth Circuit held that the relevant date for purposes of determining which case should proceed was the filing date, not the service date.

Plaintiff argues that *Barber-Greene* indicates that the relevant date for purposes of the first-to-file rule is the date the case was removed from state court, not the date the state court case was filed. The Court does not find this argument persuasive. *Barber-Greene* merely held that when two cases are filed in federal court, the filing date, not the service date, determines which case is given priority. The question of what constitutes the "filing date" for a case filed in state court, and then removed to federal court, was not raised.

However, as Defendant notes, every court to consider that question has held that the date the case was filed in state court is the relevant date. The District of Rhode Island discussed this issue at length in *Feinstein v. Brown*, 304 F. Supp. 2d 279 (D.R.I. 2004):

> Every court that has confronted this issue has disagreed [with the proposition that the removal date is the relevant date]. For example, in *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161 (S.D.N.Y. 1992), the court faced precisely the same situation: defendant filed an action in New Jersey state court; plaintiff filed a second, parallel action in the Southern District of New York six days later; and plaintiff removed the first action to New Jersey federal court thereafter. *Id.* at 166. After noting that the Second Circuit had not squarely addressed that procedural sequence, the court found "ample authority for the proposition that the state court filing date is the relevant benchmark." *Id.* (collecting cases from the Ninth Circuit, Texas, New Jersey, West Virginia, and Pennsylvania). The court further observed that "the principles underlying removal also weigh in favor of the state filing date." Id. (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3738 at 556-57 (1985) ("After removal, a federal court acquires full and exclusive jurisdiction over the litigation. The removed case proceeds according to the Federal Rules of Civil Procedure and is treated *as though it had been commenced originally in the federal court*.") (footnotes omitted) (emphasis added)). Since *Palmer*, several other courts have reached the same conclusion. See, e.g., *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 131 n.1 (S.D.N.Y. 1994); *Affinity Memory & Micro, Inc. v. K&Q Enters., Inc.*, 20 F. Supp. 2d 948, 954 n.10 (E.D. Va. 1998); *First Health Group Corp. v. Motel 6 Operating L.P.*, 2000 U.S. Dist. LEXIS 10437, No. 00C524, 2000 WL 984160, at *2 (N.D. Ill. July 17, 2000).

*Id.* at 282-83. The Court agrees with this analysis, thus, for purposes of the instant motion the Court will consider the case currently pending in the Western District of Pennsylvania to be filed first.

Plaintiff further argues that even if the Pennsylvania case is considered to be filed first, convenience considerations dictate that an exception should be made to the first-to-file rule, and the case should be heard in Michigan. However, as Defendant points out, Plaintiff has filed a motion in the Pennsylvania case to dismiss for forum non conveniens, or alternatively, to transfer the case to Michigan. Plaintiff raises the same arguments in that motion as it does in the instant motion.

The Southern District of New York has noted that "case law indicates that the court in which

4

the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies." *Ontel Prods. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995). Likewise, in *Weber-Stephen Prods. Co. v. Ivy Mar Co.*, No. 93 C 5462, 1993 U.S. Dist. LEXIS 18804 (N.D. Ill Jan. 13, 1994), the court held that:

> The two certainties are that the dispute will go forward in any event and that it makes no sense to have to go forward both in New York and Illinois. But who should decide where and what should be done until that decision is made? Since the New York action was first filed we believe [the New York judge] should decide which forum is the more appropriate.

*Id.* at *1.

The Court finds the above analysis compelling, and finds that the Western District of Pennsylvania should decide the proper forum for this case. Therefore, Defendant's motion will be granted.

## V. CONCLUSION

For the above reasons, Defendant's Motion to Dismiss is GRANTED. Plaintiff's action is HEREBY DISMISSED without prejudice.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2006

5

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2006.

                                                           s/Marie E. Verlinde
                                                          Case Manager